UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA

v.

IBRAHIM AYYUB KHAN

No.    1:26-mj-00110-JCN

**MOTION FOR DETENTION**

The United States hereby moves for pretrial detention of the Defendant,

IBRAHIM AYYUB KHAN, pursuant to 18 U.S.C. § 3142, and in support states as follows:

1. **Eligibility of Case.** This case is eligible for a detention order because the

case involves:

___ Conditions requiring a temporary detention order (18 U.S.C. § 3142(d))

___ Crime of violence

___ Maximum sentence life imprisonment or death

___ 10+ year drug offense

___ Felony, with two prior convictions in above categories

___ Felony involving a minor victim, a firearm, destructive device or

dangerous weapon or failure to register as a sex offender

 **X** Serious risk defendant will flee – The defendant has no known ties to

Maine. According to Canadian authorities he arrived in that country on April 1, 2026

traveling on a United Kingdom passport. He was previously denied entry into the United

States in August 2025 and again in December 2025 under a different name. At the time

of his apprehension, the defendant was found with three other men hiding at the side of

1

the road in a remote part of Maine. Law enforcement authorities are attempting to ascertain the purpose of his travel to Maine.

_____ Serious risk obstruction of justice

2. **Reasons for Detention:**

    i. Temporary Detention.

    _____

    _____

    _____

    ii. Other than Temporary Detention. The court should detain the defendant because there are no other conditions of release which will reasonably assure:

    **X**   Defendant's appearance as required

    \_\_\_ Safety of any other person and the community

3. **Rebuttable Presumption.** The United States will invoke the rebuttable presumption against the defendant under 18 U.S.C. § 3142(e). The presumption applies here because:

\_\_\_ Probable cause to believe the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 et seq.), or chapter 705 of title 46.

\_\_\_\_ Previous conviction for "eligible" offense committed while on pretrial

2

bond.

4. **Date of Detention Hearing.** The United States requests that the detention hearing be held after a continuance of three days.

5. **Length of Detention Hearing.** The United States will require no more than a half hour to present its case for detention.

Date:  April 7, 2026

Respectfully submitted,

ANDREW B. BENSON
United States Attorney

BY: */s/ Joel B. Casey*
Joel B. Casey
Assistant United States Attorney
United States Attorney's Office
202 Harlow Street, Room 111
Bangor, ME  04401
(207) 945-0373
Joel.Casey@usdoj.gov

3

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2026, I filed the Government's Motion for Detention with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Christopher Nielsen, Esq.
Counsel for the Defendant


ANDREW B. BENSON
United States Attorney


BY: */s/ Joel B. Casey*
Joel B. Casey
Assistant United States Attorney
United States Attorney's Office
202 Harlow Street, Room 111
Bangor, ME  04401
(207) 945-0373
Joel.Casey@usdoj.gov

4